


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH CHROMY,

Plaintiff,

vs.

C.R. BARD, INC.; BARD PERIPHERAL VASCULAR, INC.; and MCKESSON CORPORATION,

Defendants.

Case No.: 3:20-cv-01678-BEN-KSC

**ORDER:**

**(1) DENYING MOTIONS TO DISMISS;**

**(2) GRANTING MOTION TO SUBSTITUTE ATTORNEY; and**

**(3) GRANTING IN PART MOTION TO STAY**

**[ECF Nos. 2, 8, 29, 30]**

This matter comes before the Court on four motions. The Court addresses each below.

**I. Motions to Dismiss (ECF Nos. 2, 8)**

On June 11, 2020, Defendants C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") filed a Motion to Dismiss Out-of-State Plaintiffs. ECF No. 2. On June 17, 2020, Defendant McKesson Corporation ("McKesson") filed a separate Motion to Dismiss, alleging it was fraudulently joined to the action to defeat diversity jurisdiction

in the United States District Court for the Northern District of Texas. ECF No. 8. Plaintiff responded to Bard's motion, but did not directly respond to McKesson's motion. Instead, Plaintiff's response requested that in lieu of dismissal the case be transferred to this Court. ECF No. 18. Defendants filed a non-opposition to the request to transfer. ECF No. 22. Thereafter, the case was transferred to this Court without a ruling on Defendants' outstanding motions. ECF No. 25.

As the case has been transferred and Defendants did not oppose the transfer, Defendant Bard's Motion to Dismiss Out-of-State Plaintiffs is **DENIED as moot**. ECF No. 2.

The Parties also remain actively engaged in settlement negotiations. In order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), the Court therefore exercises its judgment to **DENY without prejudice** Defendant McKesson's Motion to Dismiss. ECF No. 8. Defendant McKesson may refile its Motion before this Court following expiration of the stay set forth below.

**II. Motion to Substitute Attorney (ECF No. 29)**

The Court has reviewed Defendants' Motion to Substitute Attorney. The Motion is hereby **GRANTED**. ECF No. 29. Defendants' former counsel of record, Melissa Dorman Matthews, Jessica Junek, and Jordan E. Jarreau of Hartline Barger LLP are substituted with Defendants' new counsel of record, Tyler R. Andrews and Syed I. Ishrak of Greenberg Traurig, LLP. The Clerk of Court shall remove Ms. Matthews, Ms. Junek, and Ms. Jarreau as counsel of record and terminate their receipt of e-Filings.

**III. Motion to Stay (ECF No. 30)**

The Court has also reviewed the Parties Joint Motion for a Temporary Stay of Proceedings. The Joint Motion was filed on September 18, 2020 and sought a stay of ninety (90) days to permit the Parties to pursue negotiations of a global settlement. The Joint Motion is **GRANTED in part**. The Court stays these proceedings until February 2, 2021. This date coincides with termination of the stay in two companion cases, *Cortes v.*

*C.R. Bard, Inc. et al*, Case No. 20-CV-600-BEN-WVG, and *Carrasco v. C.R. Bard, Inc. et al*, Case No. 20-CV-602-BEN-WVG.

**IV. Conclusion**

Defendant Bard's Motion to Dismiss Out-of-State Plaintiffs (ECF No. 2) is **denied as moot**. Defendant McKesson Corporation's Motion to Dismiss (ECF No. 8) is **denied without prejudice** and may be refiled within fourteen (14) days of the expiration of the granted stay if settlement has not been reached. Defendants' Motion to Substitute Attorney (ECF No. 29) is **granted**. The Parties' Joint Motion to Stay (ECF No. 30) is **granted in part** and the case is stayed until February 2, 2021. If a Joint Motion to Dismiss is not filed before February 2, 2021, the Court will hold an in-person status conference on February 8, 2021 at 10:30 AM.

**IT IS SO ORDERED.**

Date: November 19, 2020

HON. ROGER T. BENITEZ
United States District Judge